# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2024

Lyle W. Cayce
Clerk

_____

No. 24-50376
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Lang Williams,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:23-CR-221-1

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:*

Justin Lang Williams challenges his within-Guidelines 51-months' sentence, imposed following his guilty-plea conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Through counsel different from his counsel at sentencing, Williams contends the district court erred by not granting him a sentencing adjustment under Sentencing Guideline

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50376

§ 3E1.1 for acceptance of responsibility, asserting the criminal behavior that led to the denial was unrelated to the offense of conviction.

Because Williams did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The presentence investigation report noted Williams' post-arrest drug use and concluded it was criminal conduct that disqualified him from receiving a § 3E1.1 adjustment. As Williams concedes, our court has affirmed the denial of a § 3E1.1 adjustment where there is post-arrest criminal conduct, including illegal drug use. *E.g.*, *United States v. Hinojosa-Almance*, 977 F.3d 407, 411 (5th Cir. 2020) (denying credit where defendant violated pretrial-release conditions by failing to report police contact, drinking excessively, and driving under influence of alcohol). The § 3E1.1 adjustment may be denied in these circumstances even when defendant's new crimes "were not directly related to the underlying criminal conduct with which he was charged". *Id.* at 411. Williams falls far short of showing the requisite clear-or-obvious error.

AFFIRMED.